**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DIVISION**

| | | |
|---|---|---|
| **C .J., by and through his next of friends, M.J. and C.J.,** *Plaintiff* | § § § | |
| **v.** | § § | **No. 1:25-CV-1947-ADA** |
| **LAMPASAS INDEPENDENT SCHOOL DISTRICT,** *Defendant* | § § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Lampasas Independent School District's ("LISD") motion to dismiss, Dkt. 5, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge deny the motion.

## I. BACKGROUND

Plaintiff C.J., a student residing within the geographical area served by LISD, brings this lawsuit charging the district with failing to provide him with a free, appropriate public education (a "FAPE") through a placement at a private school. Dkt. 1, at 6. During the relevant timeframe when C.J. attended school in LISD, C.J. was eligible to receive special-education services and also experienced "a high level of anxiety, particularly in situations in which he feels overwhelmed by the level of demand placed upon him." *Id.* at 2. C.J. also exhibited "significant problematic behaviors," which included being "aggressive towards staff members" and classmates.

*Id.* at 2-3. When C.J. returned to school after a summer break and his behavior "severely escalated," LISD provided him with a functional behavior assessment ("FBA"). *Id.* at 4-5. The FBA recommended "a trauma-informed approach to [C.J.] and his behaviors," though according to C.J., LISD teachers and staff did not have the necessary skills and training to implement such an approach. *Id.* at 5.

C.J. then began receiving "homebound services," but he "did not fare well" because his aggressive behaviors continued "at such an escalated level." *Id.* Although LISD recommended that C.J. return to school, C.J.'s parents did not believe he was ready and instead requested a placement at a private school that they believed would best serve C.J.'s needs. *Id.* LISD declined to provide such a placement. *Id.* C.J.'s parents challenged LISD's refusal to provide C.J. with a private-school placement through an administrative proceeding. *Id.* at 6. After holding a hearing, the special education hearing officer ("SEHO") also denied C.J.'s request for a private-school placement. *Id.* C.J., through his parents, filed this lawsuit to challenge the denial of a private-school placement as a violation of the Individuals with Disabilities Education Act's ("IDEA") requirement that LISD provide C.J. with a FAPE. *Id.* Through this lawsuit, C.J. seeks a reversal of the administrative decision and an order requiring LISD to provide C.J. with a placement at a private school. *Id.* at 6-7.

LISD moved to dismiss C.J.'s complaint, arguing that C.J. has failed to allege sufficient facts plausibly demonstrating an IDEA violation or how the administrative decision was wrong. Dkt. 5, at 4-5. In the alternative, LISD asks the Court to order C.J. to file a more definite statement as to the errors in the administrative decision

that would support its reversal. *Id.* at 5-6. In response, C.J. insists that his complaint "provides substantial notice of the circumstances which give rise to his claims," and as such dismissal is inappropriate and a more definite statement is unnecessary. Dkt. 6, at 6-8. LISD did not file a reply in support of its motion.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

LISD argues that C.J.'s complaint must be dismissed because his claims are "too vague to allege facts sufficient to state a violation of the IDEA" and thus fail to put LISD on notice of the substance of his claims. Dkt. 5, at 4. While LISD concedes that "there is no lack of factual allegations" in the complaint, it insists that the complaint nonetheless fails to plausibly plead an IDEA violation because "there is no notice provided about how or why the SEHO decision is erroneous." *Id.* at 5. In response, C.J. insists that he has provided "a more than sufficient set of factual

allegations" to provide LISD with notice of the basis of his IDEA claim. Dkt. 6, at 6-8. The undersigned agrees.

The IDEA seeks "to ensure that all children with disabilities have available to them a free appropriate public education." *Seth B. ex rel. Donald B. v. Orleans Par. Sch. Bd.*, 810 F.3d 961, 965 (5th Cir. 2016) (quoting 20 U.S.C. § 1400(d)(1)(A)). Under the IDEA, any party aggrieved by a decision of a SEHO has the right to appeal the decision to the district court. 20 U.S.C. § 1415(i)(1)(A). To sufficiently a state a claim for an IDEA violation based on an erroneous SEHO decision, a plaintiff "need only cite to the decision of the hearing officer below and outline in what way that decision 'aggrieved' him or her." *A.C. by & through R.C. v. Henrico Cnty. Sch. Bd.*, 610 F. Supp. 3d 857, 864 (E.D. Va. 2022); *Dep't of Educ. v. Patrick P.*, Civ. No. 12-00438 LEK-BMK, 2012 WL 5414964, at *2-5 (D. Haw. Nov. 5, 2012)); *see also Shores v. Hayashi*, No. CV 22-00520 JAO-WRP, 2023 WL 4744978, at *3 (D. Haw. July 25, 2023) ("[T]o adequately plead an IDEA 'civil action' 'appeal' based on an underlying administrative decision, an IDEA complainant would need to plainly reference the underlying decision, assert that the decision is erroneous in some manner, and allege that he or she was 'aggrieved' by the decision[.]" (citing 20 U.S.C. § 1415(i)(2)(A); FRCP 8(a)(1))).

Here, C.J. has sufficiently stated his challenge to the SEHO decision by alleging that LISD failed to provide him with a FAPE through a private-school placement, that LISD was not otherwise able to serve C.J.'s needs, that the SEHO denied C.J.'s requested relief, and that such a denial was erroneous because LISD

had in fact failed to offer C.J. a FAPE in the form of a private-school placement. Dkt. 1, at 2-6; *W.A. by & through Anderson v. Panama-Buena Vista Union Sch. Dist.*, No. 121CV0539JLTBAKSAB, 2022 WL 411415, at *5 (E.D. Cal. Feb. 10, 2022) ("[A] complaint is sufficient to notify the defendant of a claim under the IDEA where the plaintiff indicates it is a party aggrieved and seeks judicial review of the administrative hearing decision." (citing 20 U.S.C. § 1415(i)(2)(A); *Patrick P.*, 2012 WL 5414964, at *2-5)). LISD argues that the complaint fails to provide it notice of how the SEHO decision is erroneous, yet C.J. alleges that the decision was wrong because C.J. had no other means to obtain a FAPE apart from a private-school placement, thereby providing LISD with notice of the basis for his contention that the SEHO decision was erroneous. Dkts. 1, at 5-6; 6, at 6-7.

LISD's argument that C.J. "makes no attempt to 'cite to the decision of the hearing officer below and outline in what way that decision aggrieved him or her'" is without merit. Dkt. 5, at 3-4 (citing *A.C.*, 610 F. Supp. 3d at 864). Indeed, as in *A.C.*, where the court denied a motion to dismiss where the plaintiff "specifie[d]" the administrative decision she was challenging, explained the "shortcomings" of the district's IEP, and briefly described "how private placement would be better," here C.J. has alleged the specific SEHO decision, its alleged error in denying C.J. a private-school placement, and how LISD's IEP was deficient. Dkt. 1, at 2-6; *A.C.*, 610 F. Supp. 3d at 864. Further, because an IDEA appeal "springs out of a lengthy administrative process that [C.J.] and [LISD] have already completed," LISD "has certainly been given fair notice" of C.J.'s claims in light of the complaint and "extensive

administrative process below." *See* Dkt. 1; *A.C.*, 610 F. Supp. 3d at 864 ("Unlike the traditional federal case, this case springs out of a lengthy administrative process that Plaintiff and Defendant have already completed. Defendant has certainly been given fair notice of Plaintiff's claims after considering the Complaint together with the context of the extensive administrative process below.").

C.J. has thus complied with Rule 8's requirement that his complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and no more definite statement is needed. *See* Dkt. 1; Fed. R. Civ. P. 8(a)(1); *Thompson v. Soutgate Apartments, LLC*, No. 4:23-CV-00970-SDJ-AGD, 2024 WL 4295774, at *7 (E.D. Tex. Sept. 9, 2024), *R. & R. adopted*, No. 4:23-CV-00970-SDJ-AGD, 2024 WL 4294640 (E.D. Tex. Sept. 25, 2024) ("As the court finds that Plaintiff's Complaint should survive Defendants' Motions to Dismiss, ordering Plaintiff to file a more definite statement would be improper.").

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** LISD's motion to dismiss, Dkt. 5, and decline to order C.J. to file a more definite statement.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d

419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 19, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE